## OWEN VS. ARRINGTON & CO.

This court will not reverse a judgment, for the failure of the record to state that a motion, in the court below, to set aside the judgment, had been disposed of; but will presume in favor of the regularity of the proceedings of the Circuit Court, that the motion had been abandoned.

The blank endorsement and delivery 'of a promissory note,' constitute such a transfer of the interest in the paper as to vest in the transferee the right of action and recovery. (*Worthington vs. Curd & Co.*, 15 *Ark.* 508.)

Independent of the ordinary presumption, in favor of the regularity of the proceedings of the Circuit Court, this court will presume that the cause was regularly tried by the court on all the issues — being issues of fact — though not so stated of record, where the judgment recites a finding by the court of all the facts necessary to sustain the judgment.

*Error to Union Circuit Court.*

HON. THOMAS HUBBARD, Circuit Judge.

QUILLIN and WATKINS & GALLAGHER, for plaintiff.

CARLETON, for defendants.

Mr. Justice SCOTT delivered the opinion of the Court.

This was an action of assumpsit, in the Union Circuit Court, upon a promissory note, for $706 90, payable the 1st March, 1851, to the order of John Ford, at the office of Robins, Arrington & Co., No. 19, Bank Place, New Orleans, which was endorsed in blank by Ford, and at maturity was at the instance of B. C. Adams, the then holder, protested for non-payment.

The defendant filed six pleas, on which the plaintiffs took issue in short upon the record, by consent, to wit :

1st. Non assumpsit.

2d. The legal interest in the cause of action is not in the plaintiffs.

3d. The legal title to the promissory note, is not in the plaintiffs.

4th. The legal interest in the cause of action is in one B. C. Adams, and not in plaintiffs.

5th. Payment in full to plaintiff before the commencement of this suit.

6th. Payment to Robins, Arrington & Co., while they were in possession, and the owners of the note sued on, and before it came to the hands of the plaintiffs.

At a subsequent term, it appears that the court refused the motion of the defendant below for a continuance, and immediately following the entry thereof, the record proceeds: "And the said defendant, Ezra M. Owen, saying nothing further in bar or preclusion of the said plaintiffs' action; and it appearing to the court that said action is founded on a promissory note, executed by the defendants, payable to the order of John Ford, at the office of Robins, Arrington & Co., No. 19, Bank Place, New Orleans, for the sum of seven hundred and six dollars and ninety cents, due on the first day of March, 1851, and dated November 6th, 1850. And it appearing to the court, that said note is entitled to credits, amounting to the sum of two hundred and two dollars and sixty-two cents, and one for the sum of forty dollars. Which said note is endorsed by John Ford. And it appearing further to the court, that the said plaintiffs have sustained damage by reason of the non-performance of the said defendant's promises, in the sum of six hundred and sixty dollars and fifty-four cents, and the plaintiffs discontinuing this suit, as to the said defendant, John V. Arrington, who is not served with process herein. Therefore, it is by the court considered that the said plaintiffs, Nicholas O. Arrington, and Robert Arrington, late partners in trade, and doing business in the firm name of N. O. Arrington & Co., do have, and recover of, and from the said de-

fendant, Ezra M. Owen, the aforesaid sum of six hundred and sixty dollars and fifty - four cents, besides all their costs herein expended."

Afterwards, during the term, the defendant below filed a motion and an affidavit in support of it, to set aside the judgment already entered. It does not appear, from the transcript, that any action, whatever, was taken in the premises, nor is there any exceptions in the record in reference thereto.

It is insisted, that this latter is sufficient for the reversal of this judgment. We do not think so. Because, it is incumbent upon the party complaining of error, to show that it has been committed by the court. This has not been done as to this point. In the absence of something in the record to the contrary, we are authorized to presume in favor of the regularity of the proceedings, that the motion was abandoned.

It is next insisted, that it ought to appear, in order that the judgment shall be sustained, that the blank endorsement had been filled up previously to its rendition.

That point we considered in the case of *Worthington vs. Curd & Co.*, 15 *Ark.* 508 ; and, upon the weight of authority held, that according to the commercial law, (which we there applied to a writing obligatory, payable in property, as to its transfer) : "The blank endorsement and delivery of the instrument, constitute such a transfer of the interests in the paper, as to vest, in the transferee, the right of action and recovery." The same rule had been several times before applied in this court to bonds and notes, payable in money absolutely, as will be seen from the cases there cited.

The remaining position, that some of the issues were not disposed of, although somewhat plausible on a slight examination of the transcript, will be found, upon a more thorough one, to be equally untenable. Because, independent of the ordinary presumption in favor of the regularity of a judgment, in the absence of matters in the record to the contrary, it is apparent upon the face of this one, in what is stated to have been made to appear

to the court, that the cause was regularly tried by the court, under the provisions of our statute, neither party requiring a jury, although not so stated in terms.

Finding no error in the record sufficient to authorize its reversal, the judgment will be affirmed, with costs.